VENABLE LLP
Jennifer Levin (SBN 252420)
jlevin@venable.com
Melissa C. McLaughlin (SBN 273619)
mcmclaughlin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant TRISTAR PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeanne Burns, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>Tristar Products, Inc., a Pennsylvania Corporation, and Does 1 through 50,<br><br>              Defendant. | CASE NO. 14-cv-00749-JAH-DHB<br><br>Hon. John A. Houston<br>Courtroom 13B<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br>Date: June 16, 2014<br>Time: 2:30 p.m.<br><br>Action Filed: April 1, 2014<br>Trial Date:    None set |

## I.   INTRODUCTION

Plaintiff Jeanne Burns' ("Plaintiff") claims for injunctive relief are incurably defective and must be dismissed.  In her Complaint against Defendant Tristar Products, Inc. ("Defendant"), Plaintiff asserts various claims based on her purchase of an allegedly defective garden hose and seeks prospective injunctive relief.  However, there must be a real and repeated threat that Plaintiff will suffer the alleged injury again in order to have standing to bring claims for injunctive relief.  Plaintiff's allegations show that is she unlikely to purchase Defendant's product again, and therefore, she is not realistically threatened by a repetition of the alleged injury.  Without any likelihood of future injury, Plaintiff lacks Article III standing to seek injunctive relief and her injunctive relief claims must be dismissed.

## II.   STATEMENT OF FACTS

Plaintiff filed her Complaint in the Superior Court of the State of California for the County of San Diego on January 9, 2014.  (Dkt. 1-1["Compl."]).  Defendant was served with the Complaint by mail on February 18, 2014, and removed this action to this Court on April 1, 2014.  (Dkt. 1).  In her putative class action Complaint, Plaintiff alleges violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), violations of California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200 *et. seq.* ("UCL"), violations of California's False Advertising Law, Cal. Bus & Prof. Code § 17500 *et. seq.* ("FAL"), fraud by omission, breach of implied warranty of merchantability, and breach of implied warranty of fitness.

Plaintiff alleges she "purchased a Flex-Able Hose from Defendant's interactive website." (Compl. ¶ 2).  She alleges she viewed a Flex-Able Hose infomercial prior to her purchase, in which statements allegedly emphasized the strength and durability of the product.  (*Id.* ¶ 18).  Plaintiff further alleges that she "believed that the Flex-Able Hose would be strong and would last a long time based upon Defendant's representations." (*Id.*).  Plaintiff contends that "[t]he hose,

1 however, was not strong and durable. Instead, it leaked and ruptured shortly after her purchase. Had Plaintiff known that the Flex-Able Hose was a flimsy hose with a propensity to leak and rupture, she would not have purchased the product." (*Id.* ¶ 7).

Throughout the Complaint, Plaintiff repeats her assertion that she would not have purchased the Flex-Able Hose had she known that the product allegedly contained an inherent defect and was not strong and durable. (*Id.* ¶¶ 7, 33, 58, Ex. A ¶ 3 [Declaration of Jeanne Burns re Civil Code Section 1780(D)]). Plaintiff expresses no intent to buy the Flex-Able Hose again.

## III. <u>PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF BECAUSE THERE IS NO THREAT OF A REPEATED INJURY</u>

Plaintiff lacks Article III standing with respect to injunctive relief. A plaintiff in federal court has the burden of establishing standing under Article III, which takes priority over California's more lenient standing requirements. *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 3d 939, 942 (S.D. Cal. 2007); *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 999-1000, 1001-02 (9th Cir. 2001). "Standing must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc). Arguments that a plaintiff lacks standing "are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)" because standing pertains to subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Article III standing requires a present case or controversy, and it is well-settled that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). Instead, standing requires that the plaintiff suffered an injury (1) "that is sufficiently concrete and particularized and actual or

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

imminent," (2) "is fairly traceable to the challenged conduct," and (3) "is likely to be redressed by a favorable decision." *Id* at 560-61.  The Ninth Circuit has explained that in order to satisfy the standing requirements under *Lujan*, a plaintiff seeking prospective injunctive relief "must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates*, 511 F.3d at 985 (citations and internal quotations omitted).

The mere fact that a plaintiff has alleged a past wrong does not mean there is a likelihood of future injury. *Freeman v. ABC Legal Services, Inc.*, 877 F. Supp. 2d 919, 926-27 (N.D. Cal. 2012).  Although past wrongs can be evidence of a "real and immediate threat of repeated injury," they do not "in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." *Bates*, 511 F.3d at 985 (citations and internal quotations omitted).  When allegations establish that a defendant may harm other people, but not necessarily that the defendant will harm the plaintiff again, there is no likelihood of future injury that would establish Article III standing for injunctive relief. *See Freeman*, 877 F. Supp. 2d at 926-29.

Federal courts consistently and frequently dismiss claims for injunctive relief when there is no likelihood that the plaintiffs will purchase the allegedly falsely advertised products again. *See, e.g., Castagnola v. Hewlett-Packard Co.*, C 11-05772 JSW, 2012 WL 2159385, at *6 (N.D. Cal. June 13, 2012) (granting motion to dismiss where "Plaintiffs do not allege that they intend to purchase products from Snapfish.com in the future or that, if they did, they would seek to participate in the Snapfish Valuepass program"); *Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011) (Plaintiff who alleged that the defendant had misrepresented the performance of its solid state drives lacked standing to pursue injunctive relief because "any loss of value to Wang's Agility 2 SSD has already occurred.  If Wang paid an inflated price for the product based on OCZ's alleged

misrepresentations, he is in no danger of doing so again."); *Jovel v. Boiron, Inc.*, Case No. 11-cv-10803-SVW-SH, at *9 (C.D. Cal. Aug. 16, 2013) (granting motion for judgment on the pleadings where "Plaintiff admits in the FAC that '[h]ad Plaintiff known the truth about Defendants' misrepresentations and omissions . . . Plaintiff would not have purchased Defendants' Product . . . [and] Plaintiff concedes that he is now aware that Oscillo does not provide the advertised benefits"); *Bohn v. Boiron, Inc.*, Case No. 11 C 08704, at *8 (N.D. Ill. Aug. 1, 2013) (dismissing injunctive relief claim because "Bohn has not alleged that she personally will likely suffer future harm based on Boiron's actions [and thus] Bohn lacks standing"); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 (N.D. Cal. 2010) (most named plaintiffs and the purported class lacked standing because they did not allege that they still used their defective beds, would use those beds in the future, or would ever purchase another of defendant's beds); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 3d 939, 951 (S.D. Cal. 2007) (Plaintiff lacked standing to seek injunctive relief because "it is unclear how prospective relief will redress her injury, since she is now fully aware of the linens' thread count" and she was not 'realistically threatened by a *repetition* of the violation.'" (*quoting Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).

In particular, the United States District Court for the Southern District of California has issued several recent rulings on this precise issue. For example, in *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM(DHB), 2013 WL 1969957, at *5 (S.D. Cal. May 13, 2013), the court dismissed the plaintiff's injunctive relief claims, holding that the plaintiff lacked standing to seek prospective injunctive relief. The court found that "it is apparent that Plaintiff has no intention of buying Defendant's skin tag removal product again in the future. . . . Therefore, Plaintiff has not established the likelihood of future injury from Defendant's alleged misrepresentations regarding the product and lacks Article III standing to seek injunctive relief." *Id.* at *5. Similarly, in *Dorfman v.*

*Nutramax Labs., Inc.*, Case No. 13cv0873 WQH (RBB) (S.D. Cal. Sept. 23, 2013), the court dismissed the plaintiff's injunctive relief claims. The court explained that because "[t]he Complaint contains no allegations suggesting that Plaintiff would consider purchasing another Cosamin product by Nutramax," the plaintiff "failed to adequately allege that he faces a real and immediate threat of repeated injury." *Id.* at *14. (citations and internal quotations omitted). In *Allen v. Similasan Corp.*, Case No. 12cv0376-BTM-WMC, 2013 WL 2120825, at *4 (S.D. Cal. May 14, 2013), the court likewise held that the plaintiff did not have standing to seek prospective injunctive relief because there was no likelihood that she would purchase the defendant's products again, and thus had no risk of future injury. The *Similasan* decision was reaffirmed when the court denied the plaintiff's motion for reconsideration, explaining that it was highly unlikely that she would ever buy the product again. *Allen v. Similasan Corp.*, Case No. 12cv0376-BTM-WMC, at *5 (S.D. Cal. Aug. 7, 2013).

Here, Plaintiff seeks injunctive relief (Compl., Prayer for Relief ¶¶ 2, 3), but cannot show any possibility, let alone likelihood, that her alleged injury will occur again. Plaintiff does not allege that she plans to buy Defendant's product in the future. To the contrary, Plaintiff emphasized that she would not have purchased the Flex-Able Hose had she known that it was allegedly prone to leaks and rupturing. (*See, e.g.*, Compl. ¶¶ 7, 33, 58, Ex. A ¶ 3 [Declaration of Jeanne Burns re Civil Code Section 1780(D)]). Thus, it would be illogical and unreasonable for Plaintiff to purchase the Flex-Able Hose again. With no possibility that Plaintiff will purchase the product in the future, there is no likelihood that she will be injured by the alleged misrepresentations about the products. Therefore, she does not have standing to seek injunctive relief.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant this Motion and dismiss Plaintiff's claims for injunctive relief with prejudice.

DATED: April 17, 2014					VENABLE LLP

							By: /s/ Jennifer Levin
								Jennifer Levin
								Melissa C. McLaughlin
								Attorneys for Defendant TRISTAR PRODUCTS, INC.