ALEXANDER M. SCHACK, Esq., Bar No. 99126
(alexschack@amslawoffice.com)
NATASHA NARAGHI, Esq., Bar No. 284711
(natashanaraghi@amslawoffice.com)
LAW OFFICES OF ALEXANDER M. SCHACK
16870 West Bernardo Drive, Suite 400
San Diego, CA  92127
Tel: (858) 485-6535 Fax: (858) 485-0608

GEOFFREY J. SPRETER, Esq., Bar No 257707
(spreterlegalservices@gmail.com)
SPRETER LEGAL SERVICES, APC
601 3rd Street
Coronado, CA 92118
Telephone: 619-865-7986

Attorneys for Jeanne Burns,
individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jeanne Burns, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>Tristar Products, Inc., a New Jersey Corporation, and Does 1 through 50.<br><br>                    Defendant.<br>_____ | CASE NO:   14-cv-00749-JAH-DHB<br><br>Hon. John A. Houston<br>Courtroom 13B<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: June 16, 2014<br>Hearing Time: 2:30 p.m. |

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................1

II. ARGUMENT .........................................................................................2

   A. GIVEN THE SPLIT IN THE DISTRICT COURTS WITH RESPECT TO THE ISSUE OF THE AVAILABILITY OF INJUNCTIVE RELIEF BASED UPON ARTICLE III, THE COURT SHOULD FOLLOW THE REASONING SET FORTH IN *HENDERSON* AND DENY DEFENDANT'S MOTION................2

      1. Plaintiff Has Suffered Injury In Fact Sufficient To Confer Article III Standing ...............................................................2

      2. Under the Court's Ruling In Henderson, A Plaintiff's Knowledge Of Defendant's Deceptive Business Practices Does Not Negate a Plaintiff's Article III Standing to Pursue Injunctive Relief. ..........................................................3

   B. SHOULD THE COURT DECLINE TO APPLY THE REASONING IN HENDERSON, IT SHOULD REMAND PLAINTIFF'S INJUNCTIVE CLAIMS TO STATE COURT PURSUANT TO FRCP SECTION 1447 ......................................7

III. CONCLUSION ....................................................................................8

# I. INTRODUCTION

Tristar Products, Inc. ("Defendant") marketed the Flex-Able Hose as a durable, strong garden hose that was built to last a long time. The product, however, does not last a long time, and is not built strong. In fact, it would often rupture shortly after purchase. Plaintiff is not the only consumer to experience this problem. As detailed in Plaintiff's complaint filed on January 9, 2014, seeking relief under California law, the internet is full of complaints from consumers complaining about the hose. *See Complaint* at ¶ 21 ("all 4 hoses sprung a leak immediately upon using. Customer service no help. They won't reimburse us. We are in our mid-80's feel completely victimized.")  And just recently, another class action was filed on April 25, 2014 in the United States District Court For the District of New Jersey, Newark Division, *Winstanley v. Tristar Products, Inc.*, Case No. 2:14-CV-02657-JLL.JAD.

In Defendant's *Motion to Dismiss the Complaint* ("Motion") made pursuant to 12(b)(1)[1], Defendant requests this Court dismiss Plaintiff's injunctive relief claims brought to prevent Defendant from continuing to market and sell its defective hose. As shown below, there is currently a split of authority with respect to the availability of injunctive relief in federal court for plaintiffs who bring class actions based upon violations of California's consumer protection laws. Given that Plaintiff clearly pled Article III standing, including the loss of money, and California's strong public

---

[1] It should be noted that Defendant's motion moves to dismiss the complaint, but the motion is focused on dismissing plaintiff's injunctive claims. As such, Plaintiff will address the injunctive claims. Plaintiff expressly reserves the right to challenge dismissal of the entire complaint.

- 1 -
PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

policy of protecting consumers from fraudulently and deceptively marketed goods, Plaintiff requests that the Court apply the reasoning set forth in *Henderson v Gruma Corporation*, CV 10-04173 AHM (AJWX) (C.D. Cal. April 11, 2011), which applies a broader reading of Article III standing, allowing for injunctive relief in the context of false advertising based class actions, and deny Defendant's *Motion* in its entirety. And in the alternative, should the Court decline to apply the reasoning in *Henderson*, Plaintiff respectfully requests that her injunctive claims be remanded to the Superior Court of California, County of San Diego, where this action was originally filed.

## II. ARGUMENT

**A. GIVEN THE SPLIT IN THE DISTRICT COURTS WITH RESPECT TO THE ISSUE OF THE AVAILABILITY OF INJUNCTIVE RELIEF BASED UPON ARTICLE III, THE COURT SHOULD FOLLOW THE REASONING SET FORTH IN *HENDERSON* AND DENY DEFENDANT'S MOTION**

### 1. Plaintiff Has Suffered Injury In Fact Sufficient To Confer Article III Standing

In order to have standing, under Article III, a plaintiff must "have suffered injury in fact that is traceable to defendant's conduct, and a favorable ruling will address the injury". *See Lujan. v. Defenders of Wildlife* 504 U.S. 555, 560-561 (1992).

Defendant in its *Motion* implicitly concedes that Plaintiff has properly pled "injury in fact" with respect to her claims involving both damages and equitable relief. As detailed in Plaintiff's complaint, she suffered injury in the fact, in the form of lost money. Plaintiff was deceived into purchasing a defectively designed garden

hose that was mass marketed to the general public. Complaint at ¶ 21 ("Had Plaintiff known that the Flex-Able Hose was a flimsy hose with a propensity to leak and rupture, she would not have purchased the product. As such, Plaintiff lost money and suffered injury-in-fact as a result of purchasing Defendant's product.") As shown below, Plaintiff should be able to represent the class and seek redress in the form of an injunction from this Court to stop Defendant's unlawful and fraudulent marketing of the Flex-Able Hose.

> **2.  Under the Court's Ruling In *Henderson*, A Plaintiff's Knowledge Of Defendant's Deceptive Business Practices Does Not Negate a Plaintiff's Article III Standing to Pursue Injunctive Relief.**

It should be noted that there is currently a split amongst the federal district courts within California with respect to a plaintiff's ability to seek injunctive relief after becoming aware of a defendant's fraudulent and deceptive conduct in a false advertising case. Plaintiff believes that the Court should follow the reasoning set forth in *Henderson,* which allows a representative plaintiff to seek injunctive relief, despite knowledge of the falsity of a defendant's claims, so as to effectuate state consumer protection laws, and to assert the rights of the class to injunctive relief as well as the subsequent cases citing it. *See Cabral v. Supple, LLC, et* al. No. EDCV-12-00085-MWF (C.D Cal. Sep 19, 2012); *Larsen v. Trader Joe's* 2012 WL 5458396 (N.D Cal. June 14, 2012).

It also should be noted that California has a long history of protecting consumers from unfair and fraudulent business practices. "The UCL prohibits, and

provides civil remedies for, unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." § 17200. Its purpose "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949, 119Cal.Rptr.2d 296, 45 P.3d 243; see *Hall v. Time Inc.* (2008) 158 Cal.App.4th 847, 852, 70 Cal.Rptr.3d 466. In service of that purpose, the Legislature framed the UCL's substantive provisions in " 'broad, sweeping language' " *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 181, 83 Cal.Rptr.2d 548, 973 P.2d 527; see also *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266, 10 Cal.Rptr.2d 538, 833 P.2d 545 ["The Legislature intended this 'sweeping language' to include '"anything that can properly be called a business practice and that at the same time is forbidden by law." ' "] ) and provided "courts with broad equitable powers to remedy violations" *ABC Internat. Traders, Inc. v. Matsushita Electric Corp.* 1997) 14 Cal.4th 1247, 1270, 61 Cal.Rptr.2d 112, 931 P.2d 290. **884 The state's false advertising law § 17500 et seq. is equally comprehensive within the narrower field of false and misleading advertising." *Kwikset v. Superior Ct.* 51 Cal4th 310, 320 (Cal. 2011).

In *Henderson*, the Court addressed the threshold issue of whether a plaintiff's knowledge of a defendant's fraudulent conduct precluded a plaintiff from seeking injunctive relief under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. In *Henderson*, the plaintiff filed a class action

PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

against the defendant based upon false and misleading statements made by defendants in connection with its advertising of guacamole chips that were advertised as, among other things, "all natural, and "O g transfat." In her complaint, with respect to injury, the plaintiff alleged: "she would not have purchased the two products at the price they paid absent the advertisements with the alleged misstatements. FAC ¶ 87…. "Plaintiffs lost money as a result of Gruma's deception in that Plaintiffs did not receive what they had paid for." *Henderson* at p. *4.

The Court found these allegations sufficient to confer Article III standing:

> "Here, Plaintiffs have met the injury-in-fact requirement for standing under Proposition 64 and therefore, in addition, under that prong of Article III standing. They alleged that they paid more for Mission Guacamole and Mission Bean Dip, and would have paid less for the products, if they had not been misled by the allegedly false and misleading labeling. FAC ¶¶ 10, 86–87. Plaintiffs allege they would not have purchased the two products at the price they paid absent the advertisements with the alleged misstatements. FAC ¶ 87. Plaintiffs also allege that instead of receiving products that were free of artificial trans fat, or receiving authentic guacamole, they purchased artificial substances containing artificial trans fats that could "raise [ ] their cholesterol and damage[ ] the cells in their heart and arteries." FAC ¶ 91. *See also* FAC ¶¶ 89–90, 92. "Plaintiffs lost money as a result of Gruma's deception in that Plaintiffs did not receive what they had paid for." FAC ¶ 93." *Henderson* at p. *4.

In reaching its holding, the Court considered the injury alleged by plaintiff in the complaint, and placed added emphasis on the policy of California's consumer protection laws. In doing so, it held:

> "First, Plaintiffs have sufficiently demonstrated actual injury, as discussed above. If the Court were to construe Article III standing for FAL and UCL

claims as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ("once bitten, twice shy") and would never have Article III standing. *See, e.g., Fortyune v. American Multi–Cinema, Inc.,* No. CV 10–5551, 2002 WL 32985838, *7 (C.D.Cal. Oct.22, 2002) ("If this Court rules otherwise [and does not find standing], like defendants would always be able to avoid enforcement of the ADA. This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.") (citing *Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1080 (D.Hawaii 2000) (Yamashita, M.J.))." *Henderson* at p. *7.

In reaching its finding that knowledge was irrelevant with respect to standing with regard to injunctive relief, the Court held:

"While Plaintiffs may not purchase the same Gruma products as they purchased during the class period, because they are now aware of the true content of the products, to prevent them from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws. That objective is "to protect both consumers *and competitors* by promoting fair competition in commercial markets for goods and services." *See Kwikset,* 51 Cal.4th at 344, 120 Cal.Rptr.3d 741, 246 P.3d 877 (emphasis in the original). Defendant has not presented evidence or even alleged that it has removed its allegedly misleading advertising from its products. With such advertising remaining on supermarket shelves, Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from Defendant's alleged false advertising." *Henderson* at p. *8.

In this case, Defendant has been notified several times that it is selling a defective product, as demonstrated by the online complaints referenced in Plaintiff's Complaint, the filing of this action and the recent filing of the *Winstanley* action.

Nonetheless, Defendant continues to market and sell its garden hoses to the general public. Nothing in Defendant's Notice of Removal or this *Motion* indicates that it has stopped making misleading representations about the product or disclosed the inherent defective nature of the product, nor attempted to provide the remedial relief sought in Plaintiff's CLRA letter or complaint. It is clear from Defendant's *Motion* that Defendant is attempting to circumvent California's State consumer protection laws by bringing this *Motion*. Like in *Henderson* above, the Court should deny the *Motion* and allow Plaintiff the opportunity to seek injunctive relief for her injuries as well as on behalf of the class' ongoing injuries. Defendant should not be allowed to remove Plaintiff's complaint, and then file this *Motion* to prevent redress for Plaintiff and the Class' injuries.

**B.    SHOULD THE COURT DECLINE TO APPLY THE REASONING IN *HENDERSON*, IT SHOULD REMAND PLAINTIFF'S INJUNCTIVE CLAIMS TO STATE COURT PURSUANT TO FRCP SECTION 1447**

It should be noted that Defendant brought its *Motion* under FRCP Section 12(b)(1). As such, this *Motion* seeks to dismiss Plaintiff's injunctive claims based upon a lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States,* 718 F.2d 964, 965 (9th Cir.1983). Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under *Federal Rule of Civil Procedure* 12(b)(1). The party asserting jurisdiction bears the burden of

establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." See *Simpson v. California Pizza Kitchen, Inc.*, Case No. 13–cv–164 JLS (JMA) (S.D. Cal. 2013) p. *1.

Should the Court find that it is without subject matter jurisdiction, based upon Article III, Plaintiff respectfully requests remand of her injunctive claims pursuant to FRCP Section 1447. See *Cattie v. Wal-Mart Stores, Inc.* 504 F.Supp.2d 939, 951-952(S.D.Cal. 2007) ("If this Court lacks jurisdiction to enjoin Defendants or give declaratory relief, consumers in Plaintiff's position may yet be able to split their claim and seek injunctive relief in state Court. See *Deitz*, 2006 WL 3782902, slip op at *4).

FRCP Section 1447(c) in relevant part states:

"….***If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.*** An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

As shown above from the text of FRCP Section 1447(c), the Court clearly has the authority to remand Plaintiff's injunctive claims and should this Court find that is does not have jurisdiction, Plaintiff respectfully request remand pursuant to 1447(c).

### III. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court deny Defendant's *Motion* in its entirety. And in the alternative, should the Court grant Defendant's motion, Plaintiff respectfully requests that her injunctive relief claims be

remanded to the Superior Court of California, County of San Diego where this action was originally filed.

Date: June 2, 2014                    Respectfully submitted,


                                      /s/ Geoffrey J. Spreter
                                          Geoffrey J. Spreter, Esq.
                                          SPRETER LEGAL SERVICES, APC
                                          601 3rd Street
                                          Coronado, CA 92118
                                          Telephone: 619-865-7986

PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS