VENABLE LLP
Jennifer Levin (SBN 252420)
jlevin@venable.com
Melissa C. McLaughlin (SBN 273619)
mcmclaughlin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant TRISTAR PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeanne Burns, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Tristar Products, Inc., a Pennsylvania Corporation, and Does 1 through 50,<br><br>　　　　　　　Defendant. | CASE NO. 14-cv-00749-BAS-DHB<br><br>Hon. Cynthia Bashant<br>Courtroom 4B<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date: June 16, 2014<br>Time: 2:30 p.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT.**<br><br>Action Filed: April 1, 2014<br>Trial Date:　None set |

## I. INTRODUCTION

Plaintiff has not and cannot show that she has Article III standing to seek prospective injunctive relief. Courts overwhelmingly dismiss the remedy of injunctive relief where it is clear, as it is here, that the plaintiff is aware of the allegedly false advertising and therefore is not likely to purchase the product again. In attempt to salvage this claim for relief, Plaintiff relies on an outlier case that put public policy ahead of the clear requirements under Article III. That case, *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188 (C.D. Cal. April 11, 2011), has been repeatedly criticized by other federal courts in this Circuit. The bottom line is that because Plaintiff has not shown a likelihood of future injury, she does not have Article III standing to seek injunctive relief.

In addition, this Court should not remand Plaintiff's injunctive relief claims. Plaintiff admits that this Court has subject matter jurisdiction over her UCL, FAL and CLRA claims because there is no dispute that this court has jurisdiction to award monetary damages for violations of those statutes. Accordingly, Plaintiff must be arguing that this Court should remand her UCL, FAL and CLRA claims so she can pursue a *remedy*: injunctive relief. Plaintiff did not cite a single case in which the federal court retained each cause of action brought by the plaintiff and also remanded them as they relate to injunctive relief. Indeed, it is unclear whether any district court has the power to remand a remedy while retaining jurisdiction over the underlying claim. This Court provides an effective forum in which Plaintiff can litigate her claims, and remanding parts of certain claims would unnecessarily complicate and confuse the issues, require duplicative efforts, and waste the courts' and parties' resources.

## II. PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS MUST BE DISMISSED FOR LACK OF STANDING

Plaintiff does not dispute that when seeking injunctive relief, Article III requires that a showing of a realistic threat of repeated injury. Yet, she does not

argue that she, *personally*, is likely to suffer the alleged injury again.[1] .

Instead, Plaintiff urges this Court to follow *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188 (C.D. Cal. April 11, 2011), an outlier case that placed the objectives of California's consumer protection laws above the requirements of Article III.

The reasoning in *Henderson* has since been criticized by other Courts. Disagreeing with *Henderson*, one court reasoned:

> The court is not persuaded otherwise by the decisions of some district courts in this Circuit that have permitted consumer class action plaintiffs to pursue injunctive relief despite the lack of a realistic threat of repeated harm.  One court has reasoned it would be perverse to permit a wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.  However, Article III's "case and controversy" requirement is not subjugated to such understandable sympathies.  As still other district courts have found, and as this court does now, if *Henderson* and other cases purport to create a public-policy exception to the standing requirement, that exception does not square with Article III's mandate.

*Luman v. Theismann*, No. 2:13-CV-00656-KJM-AC, 2014 WL 443960, at *7-8 (E.D. Cal. Feb. 4, 2014) (citations and internal quotations omitted) (granting motion to dismiss where plaintiffs do not "plead any facts indicating they are likely to be misled again [by defendants' advertisements, instead,] plaintiffs' allegations that defendants have deceived them suggest that the probability they will be injured again by defendants' alleged deception is infinitesimal").

Similarly, the United States District Court for the Southern District of California explained in *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM(DHB), 2013 WL 1969957, at *5 (S.D. Cal. May 13, 2013), that "as important as consumer protection is, it is not within the Court's authority to carve out an exception to Article III's standing requirements to further the purpose of

---

[1] Plaintiff could not plausibly assert that she is likely to suffer a future injury because she expressly alleges that the product is defective.  (*See* Dkt. 1-1 ["Compl."] ¶¶ 7, 33, 58, Ex. A ¶ 3 [Declaration of Jeanne Burns re Civil Code Section 1780(D)]).  Plaintiff is now fully aware of the alleged misrepresentations relating to the Flex-Able Hose

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

California consumer protection laws."

Even the court in *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012), which followed *Henderson* and is cited in Plaintiff's Opposition, has since changed its position on this issue. *Compare Larsen*, 2012 WL 5458396, at *4 (N.D. Cal. June 14, 2012) (Illston, J.) (denying motion to dismiss claims seeking injunctive relief) *with Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241, at *10 & n.9 (N.D. Cal. Jan. 29, 2014) (Illston, J.) ("[T]he Court agrees with defendant that to establish standing, plaintiff must allege that he intends to purchase the products at issue in the future. . . . The Court declines to follow its prior analysis in *Larsen*, 2012 U.S. Dist. LEXIS 162402, 2012 WL 5458396 and *Koehler v. Litehouse, Inc.*, 2012 U.S. Dist. LEXIS 176971, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) to the extent it conflicts with the above analysis. . . . Accordingly, the Court dismisses plaintiff's demand for injunctive relief.").

The weight of authority is clear: California federal courts overwhelmingly dismiss injunctive relief claims brought under consumer protection laws when there is no likelihood that the plaintiffs will continue to buy the products and be deceived by the allegedly false advertising again. *See, e.g.*, *Morgan*, 2014 WL 1017879, at * 6; *Dorfman v. Nutramax Labs., Inc.*, No. 13cv0873 WQH (RBB), 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013); *Mason*, 2013 WL 1969957, at *5; *Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 WL 2120825, at *4 (S.D. Cal. May 14, 2013); *Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, at *6 (N.D. Cal. June 13, 2012); *Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011); *Jovel v. Boiron, Inc.*, Case No. 11-cv-10803-SVW-SH, at *9 (C.D. Cal. Aug. 16, 2013) (slip op.); *Delarosa v. Boiron, Inc.*, No. SACV 10-1569-JST (CWx), 2012 WL 8716658, at *6 (C.D. Cal. Dec. 28, 2012); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 (N.D. Cal. 2010); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 3d 939, 951

3

(S.D. Cal. 2007); *see also Forcellati v. Hyland's, Inc.*, CV 12-1983-GHK MRWX, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014) (declining to certify an injunctive relief class because plaintiffs lacked Article III standing to seek injunctive relief).

Indeed, since Defendant filed its Motion, yet another court determined that plaintiffs unlikely to repeat their purchase of an allegedly falsely advertised product lack standing under Article III to seek injunctive relief. In *Garrison v. Whole Foods Market Group, Inc.*, 13-CV-05222-VC, 2014 WL 2451290 (N.D. Cal. June 2, 2014), the plaintiffs alleged they had purchased several Whole Foods' products containing Sodium Acid Pyrophosphate ("SAPP"), a synthetic ingredient, which were misleadingly labeled "All Natural." The court granted Whole Foods' motion to dismiss in part, and dismissed the plaintiffs' injunctive relief claims with prejudice. *Id.* at *5. The court explained:

> The named plaintiffs in this case allege that had they known the Whole Foods products they purchased contained SAPP, they would not have purchased them. Now they know. There is therefore no danger that they will be misled in the future. It may very well be that the legislative intent behind California's consumer protection statutes would be best served by enjoining deceptive labeling. But the power of federal courts is limited, and that power does not expand to accommodate the policy objectives underlying state law. Simply put, a federal court may not constitutionally issue an injunction unless a plaintiff has established a real and immediate threat of repeated injury. The named plaintiffs have not alleged—and cannot plausibly allege—such a threat. Therefore, they are limited to seeking damages.

*Id.* (citing *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2664 (2013) (explaining that California's policy-related interests in seeing ballot measures vigorously defended in court do not override federal standing limitations)) (internal quotations and other citations omitted).

Even if the reasoning in *Henderson* was appealing to this Court, the facts in *Henderson* are distinguishable from this case. *Henderson* was a food products case in which the plaintiffs alleged that the defendants falsely advertised certain ingredients or nutritional facts in the products. *Henderson*, 2011 WL 1362188, at

*1. The plaintiffs in *Henderson* did not allege, like Plaintiff alleges in her Complaint, that the products they purchased failed to work, so it was at least somewhat conceivable that they could purchase defendants' products again if they were labeled differently. *Id.* at *7-8. Here, Plaintiff contends the Flex-Able Hose is falsely advertised as being strong and durable, that she was deceived into purchasing the product based on that representation, and that the product was not strong and durable. There is no chance Plaintiff would purchase the product again, since she contends it does not work as advertised. Therefore, she will not be injured in the future and lacks standing to seek injunctive relief.

### III.  THIS COURT SHOULD NOT PARTIALLY REMAND THIS CASE

Plaintiff correctly notes that Defendant's Motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because standing is an issue of subject matter jurisdiction and federal courts "have an obligation to dismiss claims for which they lack subject-matter jurisdiction." (Opp. p. 7:19-8:4). However, Plaintiff's assertion that this Court can remand just her injunctive relief claims pursuant to 28 U.S.C. § 1447(c) (*see* Opp. p. 8:5-23) is not as straightforward as Plaintiff indicates.[2] In fact, Plaintiff has not cited a single case in which the Federal court retained jurisdiction over a claim and concurrently remanded that claim so Plaintiff could pursue an alternative remedy in State court.

A simple reading of the statute does not support Plaintiff's request that this Court both hear each of her causes of action and remand them for purposes of allowing her to pursue injunctive relief. The plain language of the statute provides that after removal, "[i]f at any time before final judgment it appears that the district

---

[2] It is unclear whether Plaintiff requests that this Court remand her UCL, FAL, and CLRA claims entirely, or remand them only to the extent of the injunctive relief remedy and keep them to the extent of non-injunctive remedies. However, because Plaintiff does not dispute that this Court lacks subject matter jurisdiction over the monetary relief Plaintiff seeks in connection with her UCL, FAL and CLRA claims, Plaintiff cannot reasonably argue that her UCL, FAL and CLRA claims should be remanded in their entirety.

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). It is questionable whether Section 1447(c) applies to a partial remand (*i.e.*, where a court remands some claims and keeps some claims), and further, whether the dismissal of a *remedy*, not an entire claim, would allow this Court to remand a claim.

Plaintiff's citation to *Cattie* is not persuasive. In *Cattie*, the plaintiff never alleged that she relied on the allegedly false advertising when she purchased the product at issue, and for that reason, she lacked standing to pursue her claims in their entirety. *Cattie*, 504 F. Supp. 3d 939 at 947-49. The court also found that the plaintiff lacked standing for injunctive relief because she was unlikely to purchase the product again, and mentioned only as dicta that a plaintiff may be able to split a claim. *Id.* at 951-52. The court in *Dietz* also only noted this possibility as dicta, and did not actually remand the claim for which the plaintiff lacked standing. None of the cases cited above in Section II remanded injunctive relief claims or remedies after finding that the plaintiffs lacked standing. *Deitz v. Comcast Corp.*, No. C 06-06352 WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006).

At best, it is unclear whether a district court has the authority to remand a claim rather than dismiss it when the court lacks standing to hear the claim. The Ninth Circuit has implied, but not held, that under limited circumstances a partial remand may be possible if dismissal would require the plaintiff to forfeit an otherwise viable state-law claim. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001). In *Lee*, the plaintiff sued several defendants for violations of the UCL, FAL, fraud, negligence, and other state law claims, alleging the defendants sold life insurance policies that did not deliver the promised benefits. *Id.* at 999. The defendants removed based on diversity, and the district court eventually held that the plaintiff lacked standing to assert his claims against one of the defendants because he had not purchased that defendant's insurance policy. *Id.* at 999-1000. The plaintiff moved to remand the case, which the district court denied. *Id.* at

1000.  The Ninth Circuit affirmed the district court's decision, but noted that in the limited context when a plaintiff faces the threat of forfeiting his claim, it may be possible to partially remand a case.  *Id.* at 1007.  However, the Ninth Circuit did not decide whether the court could remand the standing-deficient claims while retaining the other claims, because there was no threat that the plaintiff's claim would be forfeited by the failure to remand.  *Id.*

The court in *Hardie v. Countrywide Home Loans Servicing LP*, No. C08-1286RSL, 2009 WL 210860 (W.D. Wash. Jan. 28, 2009), also noted that in *Lee* the Ninth Circuit did no more than leave the question of partial remand open.  In *Hardie*, the plaintiffs' argued that the court should remand their request for an injunction under Washington's Consumer Protection Act because they lacked standing to pursue that remedy in federal court.  *Id.* at *1.  The court denied their request to remand.  The court explained that the plaintiffs were not in danger of forfeiting their claim, but were only concerned that the statute of limitations would bar one form of relief – an injunction.  *Id.*  The court further reasoned:

> The *Lee* case, however, did not address that situation.  Nor have plaintiffs cited any authority to support their position that the Court should remand a portion of a claim to preserve a remedy.  Furthermore, if the Court were to remand the request for an injunction, this Court and King County Superior Court would simultaneously consider plaintiffs' CPA claim. Doing so would waste judicial resources, lead to inconsistent results, and prejudice defendant.

*Id.*  Since there was no threat that the claim would be forfeited, a partial remand was improper.  *Id.*

In this case, the dismissal of Plaintiff's injunctive relief remedy does not forfeit her claims.  She can continue to litigate her claims in this Court and seek any other forms of relief for which she has standing.[3]

---

[3] Accepting the allegations in the Complaint as true, and for purposes of Defendant's Motion, Defendant presumes Plaintiff has standing to pursue her claims, except as they relate to injunctive relief.  However, Defendant reserves the right to challenge standing if Defendant
(continued…)

1   Even if this Court has the power to remand only a portion of this case – and
2   it is not clear that it does – it should decline to do so in the interest of efficiency
3   and judicial economy.  *See Boggs v. Lewis*, 863 F.2d 662, 665 (9th Cir. 1988)
4   ("The district court's denial of Boggs' motion to remand was justified since Boggs'
5   two claims were clearly related and as a matter of justice as well as judicial
6   economy, it is desirable to have the same issues heard and decided by the same
7   adjudicator.") (citation and internal punctuation omitted).

   Having the same issues litigated simultaneously in two courts would be a
waste of judicial resources, as well as the parties' resources.  Although Plaintiff
asserted six claims, they all arise out of the same basic allegations (that the Flex-Able Hose was falsely advertised as durable, but did not perform as promised) and
have largely overlapping issues.  The two courts would have to duplicate each
other's efforts to decide the same issues, and at any point when the two courts
differ on an issue, the parties will expend even more time and resources briefing
res judicata or collateral estoppel.

   Moreover, litigating two putative class actions at the same time would create
confusion.  Plaintiff would seek to certify a class in two courts, under both federal
and state class certification requirements.  If both courts certified a class and
Plaintiff prevailed on her claims, the confusion would only worsen.  Class
members would have to determine whether they want to be part of the state class,
federal class, or both.  Management of class claims would be difficult, and the
potential for double recovery raises concerns.  There are due process concerns as
well.  Consumers who are unsophisticated in legal matters may not understand the
distinction between classes and opt out of one, only to find later that the claims or

---

(continued)

determines that Plaintiff lacks standing in other ways (*e.g.*, if discovery shows that Plaintiff did not suffer an injury in fact).

1  relief they wish to pursue have been barred by the other class.

2  　　　As an out of state party who has been sued in California, Defendant had the
3  right to remove this this action to federal court.  Even without one potential
4  remedy, Plaintiff can litigate her claims and seek relief from this Court.  There is
5  no need for the unnecessary complication and waste of judicial resources of having
6  the parties litigate the same issues in two courts.

## IV.  CONCLUSION

　　　For the foregoing reasons and those set forth in Defendant's Motion to Dismiss, Defendant respectfully requests that this Court dismiss Plaintiff's claims for injunctive relief and deny Plaintiff's request for remand.

DATED:  June 9, 2014                    VENABLE LLP

                                        By: /s/ Jennifer Levin
                                            Jennifer Levin
                                            Melissa C. McLaughlin
                                            Attorneys for Defendant TRISTAR
                                            PRODUCTS, INC.