1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JEANNE BURNS, individually and on behalf of all other similarly situated,

Plaintiff,

v.

TRISTAR PRODUCTS, INC.,

Defendant.

Case No. 14-cv-749-BAS(DHB)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**[ECF No. 5]**

On February 11, 2014, Plaintiff Jeanne Burns commenced this putative action against Defendant Tristar Products, Inc. ("Tristar") in the San Diego Superior Court for allegedly falsely advertising the Flex-Able Hose. Thereafter, Defendant removed this action to federal court. Defendant now moves to dismiss Plaintiff's claims for injunctive relief under Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

//

## I.      BACKGROUND

According to the complaint, "Defendant marketed and distributed the Flex-Able Hoses both online and through retail outlets in California." (Compl. ¶ 16.)  The Flex-Able Hose was marketed as a "durable and strong garden hose."  (*Id.* ¶ 18.)  The packaging and the infomercial touted the product as having "a tough double construction" and being "designed like a fire-hose for speed, storage and strength, to last a really long time."  (*Id.*)  Plaintiff alleges that she "viewed the infomercial prior to her purchase and believed that the Flex-Able Hose would be strong and would last a long time based upon Defendant's representations."  (*Id.*)  She eventually purchased a Flex-Able Hose from Defendant's "interactive website."  (*Id.* ¶ 7.)

However, according to Plaintiff, the product did not "last a long time" and was not "built strong." (Compl. ¶¶ 7, 19.)  Instead, "it leaked and ruptured shortly after her purchase."  (*Id.* ¶ 7.)  Plaintiff alleges that Defendant was "fully aware of the inherent defect in the Flex-Able Hose[,]" and that "Defendant actively concealed the existence and nature of the inherent defect[.]"  (*Id.* ¶ 21.)  She further alleges that had she "known that the Flex-Able Hose was a flimsy hose with a propensity to leak and rupture, she would not have purchased the product."  (*Id.* ¶¶ 7, 33, 58.)

On February 11, 2014, Plaintiff commenced this putative class action in the San Diego Superior Court, asserting six claims: (1) violation of the Consumers Legal Remedies Act; (2) violation the Unfair Competition Law ("UCL") under California Business and Professions Code § 17200; (3) violation of the UCL under California Business and Professions Code § 17500; (4) fraud by omission; (5) breach of implied warranty of merchantability; and (6) breach of implied warranty of fitness. Thereafter, Defendant removed this action to federal court.  Defendant now moves to dismiss Plaintiff's claims for injunctive relief under Rule 12(b)(1) for lack of Article III standing.  Plaintiff opposes.

//

//

1    **II.    LEGAL STANDARD**

2        Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss

3    based on the court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

4    "A federal court is presumed to lack jurisdiction in a particular case unless the contrary

5    affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225

6    (9th Cir. 1989) (citation omitted).  "Article III of the Constitution confines the federal

7    courts to adjudication of actual 'Cases' and 'Controversies.'" *Lujan v. Defenders of*

8    *Wildlife*, 504 U.S. 555, 590 (1992).  Consequently, a "lack of Article III standing

9    requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil

10   Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)

11   (emphasis omitted).  "For the purposes of ruling on a motion to dismiss for want of

12   standing," the court "must accept as true all material allegations of the complaint, and

13   must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422

14   U.S. 490, 501 (1975); *see also Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000).

15       The "irreducible constitutional minimum" of Article III standing contains three

16   elements: (1) "the plaintiff must have suffered an 'injury in fact'"; (2) "there must be

17   a causal connection between the injury and the conduct complained of"; and (3) "it

18   must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed

19   by a favorable decision.'" *Lujan*, 504 U.S. at 560-61.  The injury in fact must be an

20   invasion of a legally protected interest that is concrete and particularized, and actual

21   or imminent, not conjectural or hypothetical.  *Id.* at 560 (citation omitted).

22   Furthermore, to satisfy the casual-connection prong, the injury has to be fairly traceable

23   to the challenged action of the defendant, and not the result of the independent action

24   of some third party not before the court.  *Id.* (citing *Simon v. E. Ky. Welfare Rights*

25   *Org.*, 426 U.S. 26, 41-42 (1976)).  Furthermore, "[s]tanding must be shown with

26   respect to each form of relief sought, whether it be injunctive relief, damages or civil

27   penalties." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

28   //

**III.   DISCUSSION**

Defendant argues that Plaintiff lacks Article III standing to pursue injunctive relief because there is no threat of a repeated injury. (Def.'s Mot. 2:10–5:25.) Plaintiff responds by urging the Court to apply the reasoning in *Henderson v. Gruma Corp.*, No. CV 10-04173, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011), under which she argues that she has Article III standing to pursue injunctive relief.  (Pl.'s Opp'n 2:13–7:15.) For the following reasons, the Court agrees with Defendant.

"In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 985.  "Standing to bring a damages claim does not necessarily imply standing to seek injunctive relief." *Lanovaz v. Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2014 WL 46822, at *9 (N.D. Cal. Jan. 6, 2014).  Furthermore, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

"The standing formulation for a plaintiff seeking prospective injunctive relief is simply one implementation of *Lujan*'s requirements." *Bates*, 511 F.3d at 985.  The plaintiff must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm, coupled with "a sufficient likelihood that he will again be wronged in a similar way." *Id.* (citing *Lujan*, 504 U.S. at 560; *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  Regarding the latter inquiry, the plaintiff must establish a "real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974).  "[P]ast wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." *Lyons*, 461 U.S. at 103. However, "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496.  "In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates*, 511 F.3d at 985-86.

//

14cv749

1    In *Henderson*, the court found that the plaintiffs in a false-advertising case retain

2  standing to pursue injunctive relief so long as the products continue to be deceptively

3  marketed and sold by the defendant. *Henderson*, 2011 WL 1362188, at \*8.  In reaching

4  that conclusion, the court reasoned that to hold otherwise would severely undermine

5  the objective of California's consumer protection laws "to protect both consumers *and*

6  *competitors* by promoting fair competition in commercial markets for goods and

7  services." *Id.* (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 344 (2011))

8  (emphasis in original).

9    However, Supreme Court and Ninth Circuit precedent are clear that for a plaintiff

10  to have standing to pursue injunctive relief, there must be a "real and immediate threat

11  of repeated injury." *See Lujan*, 504 U.S. at 560; *O'Shea*, 414 U.S. at 496; *Bates*, 511

12  F.3d at 985.  The Ninth Circuit recently reiterated that proposition in *Ervine v. Desert*

13  *View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014), stating that

14  "it is not the presence or 'absence of a past injury' that determines Article III standing

15  to seek injunctive relief; it is the imminent 'prospect of future injury.'"  Consequently,

16  "[t]o the extent that *Henderson* and other cases purport to create a public-policy

17  exception to the standing requirement, that exception does not square with Article III's

18  mandate." *Delarose v. Boiron, Inc.*, No. SACV 10-1569, 2012 WL 8716658, at \*5

19  (C.D. Cal. Dec. 28, 2012).  Thus, this Court declines to follow *Henderson*, and Plaintiff

20  must demonstrate a real and immediate threat of repeated injury in order to have

21  standing to pursue injunctive relief.  *See Bates*, 511 F.3d at 985; *see also Forcellati v.*

22  *Hyland's, Inc.*, No. CV 12-1983, 2014 WL 1410264, at \*13 (C.D. Cal. Apr. 9, 2014)

23  (declining to follow *Henderson*); *Luman v. Theismann*, No. 2:13-cv-00656, 2014 WL

24  443960, at \*8 (E.D. Cal. Feb. 4, 2014) (same); *Mason v. Nature's Innovation, Inc.*, No.

25  12cv3019, 2013 WL 1969957, at \*3-4 (S.D. Cal. May 13, 2013) (same); *Ries v. Ariz.*

26  *Beverages USA LLC*, 287 F.R.D. 523, 533-34 (N.D. Cal. 2012) (same).

27    In this case, Plaintiff fails to allege any facts that plausibly suggest that her

28  alleged injury will occur again.  She does not allege that she intends to purchase

Defendant's Flex-Able Hose again in the future. To the contrary, Plaintiff emphasizes multiple times in her complaint that had she known the quality of the product—that it is allegedly prone to leaks and ruptures—she would not have purchased the Flex-Able Hose. Given that the allegations suggest little to no possibility that she will purchase the Flex-Able Hose again in future, Plaintiff fails to allege facts that suggest a real and immediate threat of a repeated injury as a result of the alleged misrepresentations about the product. *See Bates*, 511 F.3d at 985. Therefore, Plaintiff lacks Article III standing to pursue her claims for injunctive relief.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for injunctive relief for lack of Article III standing. The Court dismisses the claims for injunctive relief without prejudice because it is possible that another plaintiff could be added to this action who would have standing to pursue injunctive relief. *See Bates*, 511 F.3d at 985 ("In a class action, standing is satisfied if at least one name plaintiff meets the requirements."). Thus, if Plaintiff chooses to amend her claims for injunctive relief in a manner that confers standing to the potential class, she must do so no later than **August 15, 2014**.

Lastly, the Court **DENIES** Plaintiff's request to remand her claims for injunctive relief to state court because she fails to adequately justify such relief. Because the Court dismisses the claims for injunctive relief without prejudice, she may now, if she chooses to do so, commence a separate action for injunctive relief in state court.

**IT IS SO ORDERED.**

**DATED: July 25, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**